# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROGELIO HERNANDEZ, JR., a/k/a "Ro," <br><br> Defendant. | No. C 07-4044-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ON RESENTENCING** |

_____

This matter comes before the court pursuant to defendant Rogelio Hernandez's May 30, 2007, Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 1). In his motion, Hernandez challenges the sentence imposed by the court on resentencing after Hernandez was granted partial relief on his § 2255 challenge to his original conviction and sentence. *United States v. Hernandez*, CR 00-4030-MWB, Memorandum Opinion And Order Regarding Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 138) (published at *United States v. Hernandez*, 450 F. Supp. 2d 950 (N.D. Iowa 2006)). Hernandez makes four challenges to his sentence on resentencing: (1) his counsel on resentencing provided ineffective assistance in failing to challenge a two-level enhancement for possession of a firearm in connection with his drug enterprise pursuant to U.S.S.G. § 2D1.1(b)(1); (2) the resentencing court failed to rule on the firearm enhancement; (3) the resentencing court engaged in unconstitutional law-making and fact-finding by imposing the firearm

enhancement on resentencing; and (4) the resentencing court failed to consider 18 U.S.C. § 3553(a) factors to reduce Hernandez's sentence below the guidelines sentencing range.

If it plainly and conclusively appears from the face of a § 2255 motion and the files and records of the case that the moving defendant is not entitled to any relief, the court shall summarily dismiss the motion. 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Summary dismissal is appropriate in this case.

First, counsel was not ineffective in failing to challenge the firearm enhancement on resentencing, where the court had rejected Hernandez's challenge to the firearm enhancement in its original § 2255 ruling and had specified the issues on resentencing, which did *not* include the firearm enhancement. Under the circumstances, it cannot be said that counsel's failure to resurrect a failed challenge to the firearm enhancement at the resentencing hearing constituted deficient performance. *See Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]" in order to obtain relief for ineffective assistance of counsel).

Second, contrary to Hernandez's contentions, the resentencing court *did* rule on the firearm enhancement, having ruled on Hernandez's first § 2255 motion that Hernandez was entitled to be resentenced on the basis of a "straight up" guilty plea, with certain guidelines adjustments specified, but that there was "no basis on which to reject Judge Melloy's . . . enhancement[ ] of Hernandez's sentence for . . . possession of a dangerous weapon in the course of the [charged conspiracy] offense." *United States v. Hernandez*, CR 00-4030-MWB, Memorandum Opinion And Order Regarding Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 138) 51-52 (published at *Hernandez*, 450 F. Supp. 2d at 982-83). Because the court denied Hernandez's claim for

2

§ 2255 relief on the firearm enhancement issue, and the resentencing was pursuant to the court's § 2255 ruling, no further consideration of that enhancement was required at the resentencing hearing itself.

Third, the resentencing court's re-imposition of the firearm enhancement did not constitute unconstitutional law-making or fact-finding. As the court explained in its ruling on Hernandez's first § 2255 motion, the Eighth Circuit Court of Appeals has held that *United States v. Booker*, 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review, such as Hernandez's case on § 2255 proceedings. *See Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) (*per curiam*). Hernandez's resentencing as a remedy on collateral review did not change the status of his case from one on collateral review. Moreover, Hernandez was resentenced pursuant to a guilty plea, under advisory guidelines, which permitted the court to find by the preponderance of the evidence that the firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was appropriate, notwithstanding that Hernandez was not charged with a firearm offense under 18 U.S.C. § 924, no jury found the facts warranting the enhancement beyond a reasonable doubt, and Hernandez did not admit those facts. *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 991 (8th Cir. 2006) ("District courts continue to apply Guidelines enhancements based on judge-made fact-findings found by a preponderance of the evidence, as long as the Guidelines are treated as advisory," which in that case included a firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1)).

Finally, Hernandez's last claim for relief plainly fails, because the resentencing court *did* consider 18 U.S.C. § 3553(a) factors, but declined to reduce Hernandez's sentence below the guidelines sentencing range. The undersigned expressly stated in the resentencing hearing that he "just d[id]n't think that any of the reasons either independently or collectively justify a variance or a departure including [his] independent review of the

3

Title 18 section 3553(a) factors [and] [he] recognize[d] that [he] ha[d] authority to depart or to vary, but [he was] going to exercise [his] discretion not to depart or vary." Transcript of Resentencing Hearing (docket no. 153), 37, *ll*. 5-11.

Denial of Hernandez's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for all or any of his claims therein. Whether or not a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> \* \* \*
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529

4

U.S. 473, 484 (2000)). In light of the analysis above, the court finds that Hernandez has not made a substantial showing of the denial of a constitutional right on any of his claims now before the court, because there is no showing that reasonable jurists would find this court's assessment of those claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that those issues deserve further proceedings. *Cox*, 133 F.3d at 569. No certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

THEREFORE, because it plainly and conclusively appears from the face of Hernandez's May 30, 2007, Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 1) and the files and records of the case that Hernandez is not entitled to any relief, Hernandez's May 30, 2007, Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 1) challenging his sentence on resentencing is **summarily dismissed**. Hernandez's Motion For An Evidentiary Hearing (docket no. 2) is, consequently, **denied.** No certificate of appealability shall issue.

**IT IS SO ORDERED.**

**DATED** this 3rd day of July, 2007.

*/s/ Mark W. Bennett*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

5